■ In the Matter of the Claim of RUBENA E. FISHER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent. Appeal from a decision of the Unemployment Insurance Appeal Board, filed March 11, 1974, which affirmed a referee's decision sustaining the Industrial Commissioner's initial determination that the claimant was disqualified from benefits effective October 4, 1973 because she provoked her discharge. The referee also found that claimant had voluntarily left her employment by not returning to work after a one week's suspension. As found by the referee, the claimant and a coworker had a dispute on September 28, 1973 over whether or not all employees had to participate in an authorized coffee break at 4:00 A.M. On the morning of October 3, 1973 the general foreman called a meeting after working hours to instruct the workers that employees did not have to take a break at 4:00 A.M., but could do so if they individually so desired. The claimant on three occasions during the off-duty meeting complained as to the voluntary nature of the coffee break saying that workers needed the 10-minute respite and should all take it. The referee found that the general foreman concluded the claimant was a troublemaker and thereupon "she was suspended for one week without pay." However, the sole evidence in the record is that as of the October 3 meeting, the claimant was immediately discharged. The record contains no substantial evidence which would support a finding that the claimant had engaged in conduct equivalent to misconduct *(Matter of James [Levine]*, 34 NY2d 491). Furthermore, it clearly appears that the claimant was merely making her opinion known to management and there is nothing to indicate her attitude was unduly insolent. The respondent's contention that the claimant "refused" to accept the foreman's determination in regard to the voluntariness of the coffee break is without any support in the record. The record discloses that after the claimant was initially discharged by her foreman, the union intervened and there was either a change to a suspension of one week or an offer to take the claimant back if *she* would agree to a one week's suspension without pay. The employer's representative at the hearing had no personal knowledge as to the proposed suspension, but the record indicates it would have meant a surrender by the claimant of her right to arbitrate her dismissal plus a loss of the one week's salary. Eventually, the claimant did surrender her right to arbitration and returned to work on November 26, 1973 without back pay. Upon the present record, the only substantial evidence discloses that the claimant was discharged on October 3, 1973

under conditions which would not disqualify her from unemployment insurance benefits. While the record does not disclose any direct offer of reemployment by the employer, it does establish that an offer of employment was made on or about October 6, 1973. It is well established that as a general rule a claimant may not refuse any offer of employment for which he is fitted and still remain eligible for benefits. (See *Matter of Bus [Catherwood]*, 32 NY2d 955, affg 37 AD2d 98.) However, upon the present record, the offer of October 6, 1973 was not an unconditional offer and would have apparently required the claimant to surrender certain contract rights. Accordingly, the present record does not contain substantial evidence to support the referee's alternative finding that the claimant had voluntarily left her employment by not returning to work following a suspension. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Herlihy, P. J., Greenblott, Sweeney, Larkin and Reynolds, JJ., concur.